Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SIXTO SÁEZ ROBLES<br><br>Recurrida<br><br>v.<br><br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y OTROS<br><br>Peticionaria | TA2026CE00450 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2024CV01179<br>Sala: 605<br><br>Sobre:<br>Accidente de Tránsito y otros |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece la Autoridad de Carreteras y Transportación (ACT o peticionario) y Mapfre Praico Insurance Company (MAPFRE o peticionaria) mediante recurso de *certiorari* y solicita que revoquemos la *Resolución* emitida el 24 de febrero de 2026 y notificada el 25 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Ponce. En dicho dictamen, el foro primario declaró No Ha Lugar la *Moción de desestimación y/o Sentencia Sumaria* presentada por la ACT en esta reclamación sobre daños y perjuicios incoada por el Sr. Sixto Sáez Robles (señor Sáez Robles o recurrido). Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

En síntesis, el 25 de abril de 2024, el señor Sáez Robles presentó una *Demanda* en contra de la ACT, MAPFRE y otros. El recurrido

alegó que, el 27 de abril de 2023, mientras manejaba su auto a eso de las 11:00pm, chocó con una barrera de concreto que se encontraba acostada en el pavimento por una carretera en el Municipio de Ponce. El señor Sáez Robles imputó negligencia por la obstrucción vial, por la falta de iluminación y por la falta de rotulación. Atribuyó responsabilidad a los peticionarios por lo acontecido y reportó que recibió tratamiento médico luego del accidente. Reclamó la suma de cien mil dólares ($100,000.00) por lesiones y daños físicos. Además, solicitó otros veinticinco mil dólares ($25,000.00) por angustias mentales, cinco mil dólares ($5,000.00) por la pérdida del vehículo. El recurrido desconoce si existe alguna suma que corresponda a reembolso por el tratamiento recibido como beneficiario del Hospital de Veteranos, Medicare y Medicare Advantage, así que reclamó cualquier cantidad que deba ser reembolsada. Por lo anterior, solicitó que se ordenara a la parte peticionaria a responder solidariamente por las sumas reclamadas. Adicionalmente, pidió una suma en concepto de costas, gastos y honorarios de abogada, más el interés legal correspondiente.

El 25 de junio de 2024, ACT y MAPFRE contestaron en conjunto la reclamación. Negaron responsabilidad por los actos señalados por el señor Sáez Robles. Además, plantearon que la cuantía solicitada no refleja la realidad de los daños y sujetó las alegaciones al proceso de descubrimiento de prueba. Por último, solicitaron la desestimación con perjuicio de la reclamación y la imposición de costas y honorarios.

Luego de varias incidencias procesales, el 24 de marzo de 2025, el señor Sáez Robles incoó una *Demanda enmendada*. Allí, incluyó a L.P.C.&D. Inc. Indicó que la entidad jurídica fue contratada para

brindar mantenimiento a la carretera señalada como el lugar de los hechos. El recurrido le imputó negligencia y responsabilidad solidaria por los daños alegados y esbozados en su reclamación.

Así las cosas, el 30 de abril de 2025, ACT presentó una *Moción solicitando desestimación y/o Sentencia Sumaria*. En lo pertinente, afirmó que tenía jurisdicción de la carretera en donde ocurrió el accidente. No obstante, indicó que el mantenimiento del área estaba a cargo del contratista LPC&D, Inc. Por lo anterior, sometió como hecho incontrovertible que la condición de peligrosidad no es atribuible a ACT y puntualizó que no procede imponerle responsabilidad por los hechos que figuran en esta reclamación.

El 19 de mayo de 2025, el señor Sáez Robles se opuso a la moción anterior. Indicó que cualquier contestación que pudiera brindar sobre la moción de desestimación incoada por ACT estaría sujeta al descubrimiento de prueba que se cursaría a LPC&D, Inc.

Por su parte, el 26 de junio de 2025, Las Piedras Construction, Corp. (antes LPC&D, Inc.), presentó su *Contestación a Demanda Enmendada*. De igual forma, ató los señalamientos del señor Sáez Robles al proceso de presentación de prueba. Posteriormente, contestó el primer pliego de interrogatorios solicitado por el señor Sáez Robles.

Luego de varios trámites procesales, el 20 de enero de 2026, el recurrido presentó su *Moción en oposición de desestimación y/o Sentencia Sumaria presentada por ACT*. En síntesis, planteó que existe controversia sobre quién tenía el control y mantenimiento del lugar en donde se alega sucedió el accidente a la fecha de su ocurrencia.

Entonces, el 24 de febrero de 2026, notificada al día siguiente, el Tribunal de Primera Instancia declaró No Ha Lugar la *Moción solicitando desestimación y/o Sentencia Sumaria* presentada por ACT.

Insatisfechos, ACT y MAPFRE recurren ante este Tribunal y plantearon el siguiente señalamiento de error:

"EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA INCURRIÓ EN ERROR MANIFIESTO AL CONCLUIR QUE EXISTÍAN CONTROVERSIAS GENUINAS DE HECHOS MATERIALES, CUANDO DEL EXPEDIENTE SURGE DE FORMA CLARA E INEQUÍVOCA QUE: (A) LA CODEMANDADA L.P.C. & D, Inc. EJERCÍA EL CONTROL OPERACIONAL DEL ÁREA OBJETO DEL ACCIDENTE; (B) DICHA REALIDAD EMANA DE ADMISIONES PROCESALES EXPRESAS Y DOCUMENTOS NO CONTROVERTIDOS; Y (C) NO EXISTE EVIDENCIA EN EL RÉCORD QUE PERMITA SOSTENER UNA CONTROVERSIA REAL SOBRE DICHOS HECHOS"[.]

El auto de *certiorari*, es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1 (2009); y de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Zorniak v. Cessna*,

132 DPR 170 (1992); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Por su parte, el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36 (2009) y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36.3(b)(2) de Procedimiento Civil, *supra*, regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas*

*et al.*, 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

A su vez, la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V., R 10.2, permite a un demandado solicitar la desestimación de la reclamación instada en su contra cuando a partir de las alegaciones en la demanda resulta evidente lo atinado de alguna defensa afirmativa. Concretamente, la moción de desestimación podrá ser fundada en (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una

reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020), *Trans-Oceanic Life insurance v. Oracle Corporation,* 184 DPR 689 (2012). En cualquier caso, ante una moción de desestimación de tal carácter el tribunal debe tomar como ciertos todos los hechos bien alegados en la demanda e interpretar sus aseveraciones de la forma más favorable para el demandante, efectuando todas las inferencias que puedan asistirle en su reclamación. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649 (2013); *Asociación Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011). Por tanto, solo corresponde proceder con la desestimación de la acción si se demuestra que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que se puedan probar en el juicio. *Ortiz Matías et al. v. Mora Development, supra; Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497 (1994).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción o actuado de manera parcial, prejuiciada o errada al declarar No Ha Lugar la *Moción solicitando desestimación y/o Sentencia Sumaria* presentada por ACT. Del expediente no resulta que el foro recurrido haya excedido su ámbito de discreción al estimar la suficiencia de la demanda ni al detectar conflictos de hecho acerca de la responsabilidad de cuidado sobre el tramo vial en cuestión a la fecha en que se alega ocurrieron los hechos que dan pie a la presente reclamación.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones